# EXHIBIT 1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIDNEY MADDEN, adult student<br>1316 Gallatin Street, NW<br>Washington, DC 20011<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>One Judiciary Square<br>441 Fourth Street NW<br>Washington, DC 20001,<br><br>Defendant. | ) <br>) <br>) <br>) <br>) Civil Action No. 1:13-cv-01051-JDB-AK<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) Date Filed: April 8, 2014<br>) <br>) <br>) <br>) <br>) Magistrate Judge Alan Kay |

### MEMORANDUM OF POINTS & AUTHORITIES
### IN SUPPORT OF PLAINTIFF'S MOTION FOR FEES AND COSTS

I.  **Factual Background**

The Plaintiff brought his case seeking attorneys' fees and costs incurred in successful litigation of an administrative case under the IDEA. On March 12, 2014, The Honorable Magistrate Judge Alan Kay issued a Report & Recommendation awarding fees and costs to the Plaintiff in the amount of $24,165.22. On March 28, 2014, that Report & Recommendation became a final judgment after neither party filed a timely objection its findings or recommendations and an Order was issued adopting the R&R issued by Magistrate Judge Kay. Based on the information below, and the invoice attached at Exhibit 1, Plaintiff is requesting that this Court award "fees on fees" in the amount of $12,982.00

## II. Legal Authority for "fees on fees"

The IDEA allows not only for the recovery of fees and costs associated with the administrative litigation, but also the fees and costs of recovering those underlying fees and costs, sometimes referred to as "fees and fees." *See e.g. Kaseman v. District of Columbia*, 444 F. 3d 637 (D.C. Cir. 2006) (assuming viability of such fees while holding that such fees were equally subject to the fee cap).

District of Columbia law makes it clear that "fees on fees" are awarded in this jurisdiction when Plaintiff's counsel goes through District Court litigation in order to collect Attorneys' fees from the underlying administrative action brought on behalf of the parent. In *Wright v. District of Columbia*, 883 F. Supp. 2d 132 (D.D.C. 2012), this Court explained that, "parties who prevail at the administrative level can also recover fees-on-fees, as our general rule is that the court may award additional fees for 'time reasonably devoted to obtaining attorney's fees." *Wright*, 883 F. Supp. 2d at 134; citing *Kaseman v. District of Columbia*, 444 F. 3d 637, 640 (D.C. Cir. 2006). The Court in *Wright* went on to explain that, "the question for determining prevailing party status for fees-on-fees is whether Plaintiff prevailed at the administrative level." The court reasoned that since they had awarded attorney's fees to the Plaintiff's counsel for being the prevailing party in the underlying administrative action on behalf of the parent, they had made the "prevailing party" determination necessary to award "fees on fees" to Plaintiff's counsel for the work it took to recover those legal fees in the District Court.

### III. Plaintiff should be paid for the work required to obtain legal fees in the case of <u>Madden v. District of Columbia</u>

#### A. The Plaintiff is the prevailing party within the meaning of 20 U.S.C. § 1415(i)(3)(B).

In the instant matter, Plaintiff sought an Order from the District Court requiring Defendant to reimburse Plaintiff for the reasonable attorneys; fees incurred during the course of an IDEA administrative proceeding. This honorable Court agreed, and on January 2, 2014, granted Plaintiff's Motion for Summary Judgment in part, ordering Defendant to pay legal fees to Plaintiff's counsel in the amount of $24,165.22. There can be no argument that Sidney Madden, the adult-student, was the prevailing party when his administrative case was litigated at the Student Hearing Office and a Hearing Officer Decision was issued providing S.M. with all of the relief requested in the Due Process Complaint, including placement in a full-time non-public special education school. Indeed Defendant never argued otherwise in this case, something Magistrate Kay noted in his Report & Recommendation (Report & Recommendation at 7). Instead, the dispute in this case centered what the hourly rate should be for Attorney Hecht and whether Paralegal Khanchalern should be reimbursed for her time in assisting Ms. Hecht with the underlying litigation on behalf of S.M. Since Mr. Madden was the prevailing party in the administrative action on behalf of S.M., her attorney is entitled to recover "fees on fees" for the work it took to get the District to pay legal fees for the underlying administrative case.

#### B. The Hourly rate and number of hours Which the Plaintiff Requests are Reasonable

##### a. Number of Hours

Plaintiff's counsel has reasonably expended the time and funds itemized herein in pursuit of the Plaintiff's relief. *See* Exhibit 1 (Invoice). Moreover, Plaintiff has exercised

2

billing judgment and has marked entries as "non-billable" that are clerical in nature. As in the underlying litigation on behalf of S.M., all efforts were made for Plaintiff's counsel to use the services of paralegal Khanchalern when appropriate, in order to ensure conservative billing practices were employed throughout the litigation of this matter.

### b. Hourly Rate

In the District of Columbia, the Court of Appeals has approved a fee matrix for the determination of market rates for public interest attorneys. *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371-72 (D.D.C. 1983). The *Laffey* fee schedule has been described as an "accurate and updated schedule of fees in the District." *Trout v. Ball*, 705 F. Supp. 705, 709, n. 10 (D.D.C. 1989). In 1991, the U.S. Attorney's Office for the District of Columbia developed its own updated *Laffey* fee matrix and has since supplemented it. This version factors in the Consumer Price Index of the Washington, D.C. Metropolitan area. This matrix, as updated and supplemented, provides specific evidence of the prevailing market for attorneys in the District of Columbia.

Though the Plaintiff in this case contends that her attorney's reasonable rate is full *Laffey* Matrix rates, she has conformed her request to meet the Court's substantive holding in this case regarding the underlying bills. Accordingly, the hourly rate requested here is 75% of the USAO *Laffey* Matrix rate for both Attorney Hecht and Paralegal Khanchalern. This means that for Attorney Hecht's time, the Plaintiff is requesting reimbursement in the amount of $217.50 per hour, and for the work of Paralegal Khanchalern, the requested rate for reimbursement is $108.75 per hour. See Exhibit 1 (invoice).

3

### c. Costs

The Fourth Circuit has held that plaintiffs who are entitled to attorneys' fees should be awarded litigation expenses as well. *Daly v. Hill*, 790 F.2d at 1084 and *Wheeler v. Durham City Bd. of Education*, 585 F. 2d at 618 (4th Cir. 1978). Under the Fourth Circuit standard in *Daly* and *Wheeler*, the district court must award a prevailing plaintiff all reasonable expenses as part of an award of attorneys' fees. As stated by the Court:

> Litigation expenses such as supplemental secretarial costs, copying, telephone costs and necessary travel, are integrally related to the work of an attorney and the services for which outlays are made may play a significant role in the ultimate success of litigation....

*Wheeler*, 585 F.2d at 623-24.

As reflected in Exhibit 1 (Invoice), the only two expenses that the Plaintiff is requesting for reimbursement at this time is the filing fee charged by the Clerk's office of this honorable Court to file the underlying complaint and the fees incurred serving the Defendant with said complaint. Accordingly, Plaintiff requests that these two minimal costs be reimbursed as a reasonable cost associated with the litigation regarding attorneys' fees in *Madden v. District of Columbia*. The total of these two costs is $497.50.

### IV. Conclusion

In the interest of efficiency the Plaintiffs do not here reiterate all of the arguments made on Plaintiff's behalf and resolved by the Court in the Court's substantive decisions. To the degree that such arguments become relevant, the Plaintiffs wish to incorporate them here by reference and respectfully requests that the Court requests additional argument or evidence if it deems necessary to its decision.

Because the hours, rates, and expenses requested are all reasonable and significant billing restraint has been used, in addition to a request for just 75% of *Laffey* Matrix rates

4

for Attorney Hecht and Paralegal Khanchalern, Plaintiff requests that this Court award Plaintiff a total of $12,982.00 in legal fees and costs incurred in 1:13-cv-01051-JDB-AK.

April 8, 2014                                             *[signature: Alana Hecht]*

Executed on: _____          _____

               Date                                              Alana M. Hecht, Esq.

## LCvR7(m) CERTIFICATION

This is to certify that on April 7, 2014, I, Alana M. Hecht, Esquire, contacted Counsel for Defendant Tasha Hardy, Esq. for the purpose of determining, in good faith, whether there was any opposition to the relief sought in this Motion. Ms. Hardy indicated she did not consent to underlying relief in this Motion.

April 8, 2014                                             *[signature: Alana Hecht]*

Executed on: _____          _____
               Date                                              Alana M. Hecht, Esq.
                                                        DC Bar #494097
                                                        D.C. Disability Law Group, P.C.
                                                        37 Florida Avenue, NE – Suite 100
                                                        Washington, DC 20002